UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

EULEXIS HERNANDEZ
and other similarly situated individuals,

    Plaintiff (s),

v.

UMT MARINE, LLC,
JUAN E. SALAZAR,
and RODRIGO CARRERA, individually,

    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, EULEXIS HERNANDEZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants UMT MARINE, LLC, JUAN E. SALAZAR, and RODRIGO CARRERA, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff EULEXIS HERNANDEZ is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant UMT MARINE, LLC (hereinafter, UMT MARINE, or Defendant) is a Florida corporation with its place of business in Fort Lauderdale, Broward County, within the jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants JUAN E. SALAZAR and RODRIGO CARRERA were and are now the owners/partners and managers of Defendant Corporation UMT MARINE. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff EULEXIS HERNANDEZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after February 2021, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant UMT MARINE is a marine supply store and manufacturer of boarding equipment, yacht desk accessories, custom-made railings, gates and enclosures, railings, etc. Defendant has facilities located at 4013 Ravenswood RD, Fort Lauderdale, FL 33312, where Plaintiff worked.

8. Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA employed Plaintiff EULEXIS HERNANDEZ as a non-exempted, full-time, hourly employee, from approximately February 01, 2021, to October 19, 2021, or 37 weeks.

9. Plaintiff had duties as welder and assembler, and he had a wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour.

10. During his employment with Defendants, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

11. While employed by Defendants, Plaintiff had a regular official schedule. Plaintiff worked five days per week, from Monday to Friday, from 7:00 AM to 4:00 PM (9 hours weekly). Plaintiff worked a total of 45 hours every week. Plaintiff did not take bonafide lunch breaks.

12. During his employment with Defendants, Plaintiff worked regularly and consistently more than 40 hours weekly. Plaintiff was paid for 40 hours, but he was not compensated for overtime hours, as required by law.

13. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff was working more than 40 hours weekly.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid weekly with checks and paystubs that did not reflect the actual number of hours worked.

16. Plaintiff disagreed with the lack of payment for overtime hours, and he complained to his supervisor and owner of the business, RODRIGO CARRERA. Plaintiff complained about unpaid overtime hours on or about August 30, 2021. Supervisor RODRIGO CARRERA did not provide any solution.

17. However, after this date, supervisor RODRIGO CARRERA changed Plaintiff's location and duties. Defendants demoted Plaintiff from his position as a welder and sent him to polish stainless steel, which is the hardest job in the warehouse.

18. On or about the last week of September 2021, Plaintiff complained and informed owner JUAN E. SALAZAR about the harassment he was suffering in retaliation for his overtime complaint. Unfortunately, owner JUAN E. SALAZAR did not do anything, and Plaintiff continued suffering retaliation and harassment.

19. On or about October 19, 2021, Supervisor RODRIGO CARRERA fired Plaintiff after he complained about unpaid overtime hours and retaliatory harassment.

20. On or about October 18, 2021, Plaintiff EULEXIS HERNANDEZ was wrongfully discharged from his employment with Defendants in retaliation to his complaints about missing overtime payment.

21. Plaintiff EULEXIS HERNANDEZ seeks to recover unpaid overtime wages for every hour above 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law. Plaintiff is also claiming unpaid wages for one Saturday with 8 working hours never paid to him.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

22. Plaintiff EULEXIS HERNANDEZ re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff EULEXIS HERNANDEZ and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

24. The employer UMT MARINE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a marine supply store and manufacturer of boarding equipment, yacht desk accessories, custom-made railings, gates and enclosures, railings, etc. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

25. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

26. Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA employed Plaintiff EULEXIS HERNANDEZ as a non-exempted, full-time, hourly employee, from approximately February 01, 2021, to October 19, 2021, or 37 weeks.

27. Plaintiff had duties as welder and assembler, and he had a wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour.

28. While employed by Defendants, Plaintiff had a regular official schedule. Plaintiff worked five days per week, a total of 45 hours. Plaintiff did not take bonafide lunch breaks.

29. During his employment with Defendants, Plaintiff worked regularly and consistently more than 40 hours weekly. Plaintiff was paid for 40 hours, but he was not compensated for overtime hours, as required by law.

30. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff was working more than 40 hours weekly.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid weekly with checks and paystubs that did not reflect the actual number of hours worked.

33. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

    a.  <u>Total amount of alleged unpaid wages</u>:

       Five Thousand Five Hundred Fifty Dollars and 00/100 ($5,550.00)

    b.  <u>Calculation of such wages</u>:

       Total time of employment: 37 weeks
       Total relevant weeks of employment: 37 weeks
       Total hours worked: 45 hours weekly
       Total unpaid O/T hours:
       Regular rate: $20.00 an hour x 1.5= $30.00
       O/T rate: $30.00 an hour

       O/T rate $30.00 x 5 O/T hours=$150.00 weekly x 37 weeks=$5,550.00

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid overtime hours.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time

and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At times mentioned, individual Defendants JUAN E. SALAZAR and RODRIGO CARRERA were and are now the owners/partners and managers of UMT MARINE. Defendants JUAN E. SALAZAR, and RODRIGO CARRERA were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in UMT MARINE'S interests concerning its employees, including Plaintiff and others similarly situated. Defendants JUAN E. SALAZAR and RODRIGO CARRERA had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

39. Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff EULEXIS HERNANDEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EULEXIS HERNANDEZ   and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff EULEXIS HERNANDEZ and other similarly situated individuals and against the Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff EULEXIS HERNANDEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff EULEXIS HERNANDEZ demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION

41. Plaintiff EULEXIS HERNANDEZ re-adopts every factual allegation stated in paragraphs 1-21 of this Complaint as if set out in full herein.

42. The employer UMT MARINE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a marine supply

store and manufacturer of boarding equipment, yacht desk accessories, custom-made railings, gates and enclosures, railings, etc. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

43. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

44. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

45. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

46. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

47. Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA employed Plaintiff EULEXIS HERNANDEZ as a non-exempted, full-time, hourly employee, from approximately February 01, 2021, to October 19, 2021, or 37 weeks.

48. Plaintiff had duties as welder and assembler, and he had a wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour.

49. During his employment with Defendants, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

50. While employed by Defendants, Plaintiff had a regular official schedule. Plaintiff worked five days per week, a total of 45 hours. Plaintiff did not take bonafide lunch breaks.

51. Plaintiff worked regularly and consistently more than 40 hours weekly. Plaintiff was paid for 40 hours, but he was not compensated for overtime hours, as required by law.

52. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff was working more than 40 hours weekly.

53. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff was paid weekly with checks and paystubs that did not reflect the actual number of hours worked.

55. Plaintiff was not in agreement with the number of hours paid to him every week, and he complained to his supervisor and owner of the business, RODRIGO CARRERA. Plaintiff

complained about unpaid overtime hours on or about August 30, 2021. Supervisor RODRIGO CARRERA did not offer any solution.

56. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

57. However, after this complaint, supervisor RODRIGO CARRERA retaliated against Plaintiff by changing Plaintiff's location and duties. Defendants demoted Plaintiff from his position as a welder and sent him to polish stainless steel, which is the hardest job in the warehouse. Plaintiff suffered harassment and detrimental working conditions.

58. On or about the last week of September 2021, Plaintiff informed owner JUAN E. SALAZAR about the harassment he was suffering in retaliation for his overtime complaint. Owner JUAN E. SALAZAR did not do anything, he did not stop the wrongful conduct of RODRIGO CARRERA, and Plaintiff continued suffering retaliation and harassment.

59. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

60. On or about October 19, 2021, Plaintiff complained to Supervisor RODRIGO CARRERA about his unpaid overtime hours and retaliatory working conditions. This time Supervisor RODRIGO CARRERA fired Plaintiff on the spot.

61. On or about October 19, 2021, Plaintiff EULEXIS HERNANDEZ was wrongfully discharged from his employment with Defendants in retaliation to his complaints about missing overtime payment.

62. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

63. The termination of Plaintiff EULEXIS HERNANDEZ by Defendant was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

64. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

65. Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA willfully and maliciously retaliated against Plaintiff EULEXIS HERNANDEZ by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

66. At times mentioned, individual Defendants JUAN E. SALAZAR and RODRIGO CARRERA were and are now the owners/partners and managers of UMT MARINE. Defendants JUAN E. SALAZAR and RODRIGO CARRERA were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in UMT MARINE'S interests concerning its employees, including Plaintiff and others similarly situated. Defendants JUAN E. SALAZAR, and RODRIGO CARRERA had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

67. Defendants' adverse actions against Plaintiff EULEXIS HERNANDEZ were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

68. Plaintiff EULEXIS HERNANDEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff EULEXIS HERNANDEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA that Plaintiff EULEXIS HERNANDEZ recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants UMT MARINE, JUAN E. SALAZAR, and RODRIGO CARRERA to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff EULEXIS HERNANDEZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff EULEXIS HERNANDEZ demands trial by a jury of all issues triable as of right by a jury.

DATED: January 13, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*