UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-60108-RS

EULEXIS HERNANDEZ
and other similarly situated individuals

    Plaintiff,

v.

UMT MARINE, LLC, JUAN
E. SALAZAR and RODRIGO
CARRERA, individually,

    Defendants

_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND STIPULATION FOR DISMISSAL WITH PREJUDICE

Plaintiff EULEXIS HERNANDEZ ("Plaintiff"), and Defendants, UMT MARINE, LLC; JUAN E. SALAZAR and RODRIGO CARRERA, individually, ("Defendants") (collectively, the "Parties"), by and through their undersigned counsel, hereby move for approval of the Parties' Settlement Agreement entered into in this action and attached hereto as **Exhibit "A"** (the "Agreement") and entry of an order of dismissal. The Parties have agreed that the terms reflected in the Agreement are mutually satisfactory. The Court's approval and entry of an order of dismissal will consummate the Agreement between the Parties. The grounds for this joint motion are set forth as follows:

1.      On January 13, 2022, Plaintiff filed this action against Defendants, in which Plaintiff alleged that Defendants violated the Fair Labor Standards Act (the "FLSA") by failing to pay him overtime compensation for hours worked in excess of 40 in a workweek during his employment with Defendants.

2.      Prior to this filing, Plaintiffs and Defendants negotiated this matter over the course of months, exchanging documents and legal positions regarding the claim. More specifically, counsel for both parties engaged in an extensive analysis of time records, payroll records, text messages and other documents.  The time and pay records indicate Plaintiff worked for Defendants for about six months.   During the negotiations, it became clear that the primary issue was whether Plaintiff took a lunch break which was unpaid.   The Parties had numerous discussions about the litigation uncertainities and risks to both sides if the case was to go to trial.  As a result of the above and other factors, the Parties agreed to settle this case with Plaintiff to be paid a total of $3500.00 (Three Thousand Five Hundred Dollars) inclusive of liquidated damages.

3.      Defendants deny all liability as to Plaintiff's claims and maintain that Plaintiff was properly paid under the FLSA.

4.      The Parties attended a private mediation with mediator Mark Hanley  on June 20, 2022,  During the mediation,   the Parties agreed to terms of settlement.

5.      Pursuant to the terms of the Agreement, the Parties agree that together with the payments made in settlement of this case, the Parties exchange full mutual general releases of all legal claims against the other which the parties can lawfully

release.  The Parties believe that all terms in the Settlement Agreement are important and are critical to ending the working relationship between the Parties.

6. Plaintiff acknowledges and agrees that with the payment of the amounts stated in the attached Settlement Agreement, Plaintiff has settled his claims for wages and liquidated damages potentially owed to him under the FLSA, as well as all attorneys' fees incurred to date.  The Parties agree that the amounts to be paid to Plaintiff and his counsel constitute a reasonable compromise of his claims based on the significant exchange and analysis of relevant records, the claims and potential defenses, and the risks and uncertainties of litigation for both sides.

8. In addition to the payment to Plaintiff, Defendants agree to pay to Plaintiff's counsel the amount of Six Thousand Five Hundred Dollars ($6500.00) for attorneys' fees and cost.  The Parties aver that the amount of attorneys' fees was negotiated apart from the amount of settlement funds to be paid to the Plaintiff.  In addition, Plaintiff and Defendants jointly submit that Plaintiff's counsel's fee is reasonable given the time invested including the preparation for and attendance at multiple settlement conferences, discovery, and review and analysis of significant pay and time records.

9. The Parties recognize a compromised settlement, such as the one reached here, requires Court approval according to Eleventh Circuit precedent in *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982).  As a result, and consistent the Court's comprehensive analysis regarding approval in *Flood v. First Family Insurance, Inc., et al.,* No. 2:20-CV-623-JLB-NPM, 2021 WL 211268, at *1

(M.D. Fla. Jan. 21, 2021), the Parties request that the Court approve their Agreement.

10. In support of this Motion, the Parties stipulate that: (a) while the settlement did result in a compromise of Plaintiff's original claims, the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendants to resolve Plaintiffs' claim for fees under the FLSA, are likewise fair and reasonable, and were negotiated separately from the amounts for Plaintiffs' underlying claims; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## MEMORANDUM OF LAW

**A. Approval of FLSA Settlement Agreements.**

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them ... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter

> a stipulated judgment after scrutinizing the settlement for fairness. *Id* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the Parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff s success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-0rl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the Parties jointly submit there has been sufficient investigation and exchange of documents and information to allow counsel for Plaintiff and Defendants to evaluate the Parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiffs' claims as set forth in their Agreement. After exchanging information and records from Plaintiffs' employment, extensively reviewing the information before and after mediation, Plaintiffs accepted a resolution

that is fair given the extensive discovery process. In light of these circumstances, the Parties respectfully request that the Court approve their settlement and dismiss the case.

### B. The Agreement Is Reasonable, Including The Attorneys' Fees to Be Paid.

Accordingly, in light of Defendants' agreement to pay Plaintiff the total sum of Three Thousand Five Hundred Dollars ($3500.00), in wages and liquidated damages, the Parties stipulate that their Agreement is fair and reasonable. Further the attorneys' fees and costs are not a percentage of Plaintiff's recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants. See 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and their counsel separate and apart from the amounts sought by Plaintiff for their underlying claims and were negotiated independently.

The settlement agreed upon by the Parties resolves all of Plaintiff's claims for attorneys' fees and costs, and Plaintiffs have no responsibility to their counsel for any "out-of-pocket" sums. The Parties further advise the Court that their settlement herein includes every term and condition of the Parties' settlement.

**WHEREFORE**, the Parties respectfully request that the Court:

- approve the Parties' Settlement Agreement;
- dismiss this litigation with prejudice with each party to bear its own fees and costs except as set forth in the Settlement Agreement; and

- the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending motions as moot;
- A proposed order is provided herewith

Respectfully submitted this 14 day of July, 2022.

| | |
|---|---|
| */s/Zandro Palma* | */s/ Robert Blanchfield* |
| Zandro Palma, Esquire, . | Robert Blanchfield, Esquire |
| Florida Bar No.: | Florida Bar No.: 0361800 |
| | |
| Law Office of Zandro E Palma. P.A. | Robert Blanchfield, P.A. |
| 9100 S. Dadeland Blvd. | 931 Village Blvd. Suite 905-385 |
| Suite: 1500 | West Palm Beach, Florida 33409 |
| Office: 305 446-1500 | Office: 407-497-0463 |
| Fax: 305 446-1502 | Fax: 407-386-8022 |
| ZEP@thePalmaLawGroup.com | Robert@Blanchfieldlawfirm.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |